UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————X

WILBERT MOORE,

        Plaintiff,

  -against-                           **ORDER OF DISMISSAL**

THE UNITED STATES OF AMERICA;          08 Civ. 532 (AKH)
THE SDNY'S CLERK; THE 2ND CIRCUIT'S
CLERK; STUDENTS A, B, C, AND D;
THE CONSPIRATORS,

        Defendants.
————————————————————X
ALVIN K. HELLERSTEIN, U.S.D.J.:

        Plaintiff filed this action *pro se* on January 22, 2008 after paying the filing fee. The Court must dismiss the complaint for the following reasons.

## Background

        This action arises out of plaintiff's prior case in this Court, Moore v. New York City Dep't of Ed., No. 03 Civ. 2034 (LAP). Plaintiff initiated that action in New York Supreme Court, Bronx County, and defendant New York City Department of Education ("Department of Education" or "Defendant") removed it to this Court on March 24, 2003. In that action, plaintiff alleged that the Department of Education defamed him, as well as violated his due process rights, the New York State constitution, and New York State criminal statutes, when it terminated his employment as a teacher after he allegedly assaulted two students. On March 31, 2004, this Court granted defendant's motion to dismiss. Plaintiff filed approximately seven motions for reconsideration in the year following the dismissal of his case, as well as several motions thereafter, all of which were denied. He also filed at least two appeals in his action, both of which the Court of Appeals dismissed. See id., No. 05-5249, 04-3555 (2d Cir. Mar. 1, 2007).

In his latest action, plaintiff alleges that the lawyer for Defendant in plaintiff's prior case "fraudulently induced" the defendants in this case "into committing acts of fraud upon the Court," but "[i]f [she] did not allegedly fraudulently induce the Clerks into committing . . . fraud . . . , then the Clerks of the SDNY and the 2d Circuit Court of Appeals are allegedly guilty of initiating and or taking part in a conspiracy under the law." Complaint at 2. Specifically, plaintiff alleges that the lawyer for Defendant should not have been able to remove plaintiff's action from the Bronx court. Id. He also alleges that the case should not have been referred to United States District Judge Loretta A. Preska as related to a prior action plaintiff had filed in this Court arising out of the same facts, but which plaintiff withdrew on September 13, 2002 after Defendant had filed a motion to dismiss. Id. at 2; see also Moore v. New York City Bd. of Ed. and Student C, No. 02 Civ. 4066 (LAP). Plaintiff also challenges numerous aspects of his prior action, including the labeling of defendants in the civil cover sheet, various alleged misrepresentations of Defendant's lawyer to the Court, and the fact that Defendant never disclosed, and this Court never compelled disclosure of, the identities of defendants Students A, B, C, and D.

Immunity

It is well-established that "[t]he United States, as sovereign, is immune from suit save as it consents to be sued," and hence may be sued only to the extent that it has waived sovereign immunity by enacting a statute consenting to suit. United States v. Sherwood, 312 U.S. 584, 586 (1941). The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2401(b) and 2671-80, waives sovereign immunity in a tort action against the United States and its agencies when the plaintiff complies with the administrative procedures under the Act. See 28 U.S.C. § 2675(a) ("[a]n action shall not be instituted . . . against the United States for money damages for injury or loss of

property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency . . . ."). Because the only way plaintiff may sue the United States in tort is under the FTCA, I hereby liberally construe plaintiff's claims as arising under that statute. See Haines v. Kerner, 404 U.S. 519 (1972) (per curiam). However, the FTCA does not provide jurisdiction for claims of fraud or misrepresentation. See 28 U.S.C. § 2680(h). Nor does it allow claims "based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." Id. at § 2680(a). Further, plaintiff fails to allege that he ever filed an administrative complaint with the Administrative Office of the United States Courts as required by the FTCA. See 28 U.S.C. § 2675(a); McNeil v. United States, 508 U.S. 106, 110-12 (1993). A federal court may not exercise subject matter jurisdiction under the FTCA until administrative remedies have been exhausted. Id. Plaintiff's fraud and other tort claims against the United States of America, the SDNY's Clerk, and the 2d Circuit's Clerk[1] therefore must be dismissed. See Fed. R. Civ. P. 12(b)(1), (6) and 12(h)(3).

---

[1] In any event, such claims cannot be asserted against any federal defendant ("the SDNY's Clerk" and "The 2d Circuit's Clerk") other than the United States. Under the FTCA, where tort claims are asserted against federal employees acting within the scope of their employment, the United States should be substituted as the proper defendant under the Federal Tort Claims Act. See 28 U.S.C. § 2679(d)(1) ("Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment[,] ... any civil action ... shall be deemed an action against the United States ... and the United States shall be substituted as the party defendant.").

Issue Preclusion and Claim Preclusion

Plaintiff's claims are also barred by the doctrines of issue preclusion and claim preclusion. The doctrine of collateral estoppel (or "issue preclusion") bars relitigation of a specific legal or factual issue in a second proceeding "where (1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and actually decided, (3) there was [a] full and fair opportunity to litigate in the prior proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits." Grieve v. Tamerin, 269 F.3d 149, 153 (2d Cir. 2001) (citation and internal quotation marks omitted).

"Under the doctrine of res judicata, or claim preclusion, [a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." St. Pierre v. Dyer, 208 F.3d 394, 399 (2d Cir. 2000). To prove that a claim is precluded under this doctrine, "a party must show that (1) the previous action involved an adjudication on the merits; (2) the previous action involved the [parties] or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." Monahan v. New York City Dep't of Corr., 214 F.3d 275, 284-85 (2d Cir. 2000) (citation omitted). Whether a claim that was not raised in the previous action could have been raised therein "depends in part on whether the same transaction or connected series of transactions is at issue, and whether the same evidence is needed to support both claims." Interoceanica Corp. v. Sound Pilots, Inc., 107 F.3d 86, 90 (2d Cir. 1997) (citation and internal quotation marks omitted).

In his prior proceedings in this Court, plaintiff either raised or should have raised his assertions that his action was improperly removed from New York State court to this Court, that Students A, B, C, and D should have been identified, and the other issues related to his claim that

he was improperly terminated from the New York City Department of Education. He alleges no facts to demonstrate that the doctrines of issue preclusion or claim preclusion should not bar those claims now. The claims therefore must be dismissed. See Fed. R. Civ. P. 12(b)(6).

### Litigation History

In addition to plaintiff's prior action, Moore v. New York City Dep't of Ed., No. 03 Civ. 2034 (LAP), discussed above, plaintiff has filed numerous other cases in this Court. See Moore v. Board of Education, No. 02 Civ. 4066 (LAP) (S.D.N.Y. Sept. 13, 2002) (action voluntarily withdrawn); Moore v. The U.S. Treasury, No. 01 Civ. 8468 (LMM) (S.D.N.Y. Mar. 18, 2002) (voluntarily withdrawn); Moore v. Board of Education, No. 01 Civ. 908 (RWS) (S.D.N.Y. July 24, 2001) (dismissed for lack of subject matter jurisdiction), app. voluntarily withdrawn, No. 01-7930 (2d Cir. Oct. 23, 2001); Moore v. Mayor Giuliani, No. 00 Civ. 671 (DC) (S.D.N.Y. Jan. 22, 2001) (dismissed for failure to state claim; reconsideration motions denied Aug. 16, 2001, July 26, 2002), app. dismissed, Nos. 01-7272, 01-9018 (2d Cir. Nov. 19, 2003); Moore v. NYC Bd. of Ed. Members, No. 98 Civ. 3310 (WHP) (S.D.N.Y. Mar. 5, 1999) (dismissed under Fed. R. Civ. P. 12(b); motions for reconsideration denied Oct. 7, 1999, Oct. 28, 1999, Apr. 18, 2000), app. withdrawn and reh'g denied, No. 99-7420 (2d Cir. Aug. 9, 2000). Plaintiff is hereby warned that the filing of further duplicative or non-meritorious actions or motions in this Court may result in an order barring him from filing further documents without prior Court permission.

### Conclusion

Accordingly, the complaint is dismissed for lack of subject matter jurisdiction, for failure to state a claim upon which relief may be granted and for asserting claims against parties immune from suit. See Fed. R. Civ. P. 12(b)(1), (6) and 12(h)(3). I certify under 28 U.S.C. §

1915(a)(3) that any appeal from this order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   New York, New York
         March 5, 2008

ALVIN K. HELLERSTEIN
United States District Judge